SALLIE PELZ, Appellant, v. SOLOMON BOLLINGER, Respondent.

St. Louis Court of Appeals, March 4, 1901.

1. **Muniment of Title: DECREE: FRAUD: JURISDICTION.** In the case at bar, the decree sought to be vacated for fraud in its concoction is a muniment of title, and a determination of the issues herein joined directly involves the title to real estate.

2. ——: ——: ——. And the jurisdiction of appeals of such actions is exclusively vested by the Constitution in the Supreme Court.

3. ——: ——: STATUTORY CONSTRUCTION. And in accordance with the statute providing for transfers of cases of appeal to the wrong court (Revised Statutes 1899, section 1657), this case is transferred to the Supreme Court.

Pelz v. Bollinger.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

TRANSFERRED TO THE SUPREME COURT.

*E. R. Lentz* for appellant.

*G. A. Standard* for respondent.

BOND, J.—The object of this suit is to declare a decree void for fraud in its procurement, which purported to vest title in defendant to certain real estate which plaintiff alleges is owned by her in fee simple. The grounds of relief are that the decree untruthfully alleges that she was a party to the action wherein it was rendered and that her title was adjudged therein. There was an answer denying the specific frauds alleged in the petition and averring the conclusiveness of the former action against the plaintiff in the latter. The petition was dismissed and the plaintiff appealed to this court.

The decree sought to be vacated for fraud in its concoction is a muniment of title. Necessarily, therefore, a determination of the issues herein joined directly involves the title to real estate. The jurisdiction of appeals of such actions is exclusively vested by the Constitution in the Supreme Court. In accordance with the statute providing for transfers of cases of appeal to the wrong court (R. S. 1899, sec. 1657), this case is transferred to the Supreme Court. All concur.